UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

LAVONZA R. WILSON-FIELDS,                          Case No. DK 15-00863
                                                   Hon. Scott W. Dales
                    Debtor.                        Chapter 13

_____/


MEMORANDUM OF DECISION AND ORDER

PRESENT:   HONORABLE SCOTT W. DALES
           Chief United States Bankruptcy Judge

I. INTRODUCTION

LaVonza R. Wilson-Fields (the "Debtor") filed a chapter 13 petition with this court on

February 20, 2015, approximately four months after the dismissal of her prior chapter 13 case.[1]

Because the Debtor's earlier case was dismissed within a year before she filed her current case,

she filed a Motion to Extend Automatic Stay Order for LaVonza R. Wilson-Fields (the

"Motion," DN 5) pursuant to 11 U.S.C. § 362(c)(3).  Two taxing authorities, Calhoun County

and the City of Battle Creek, opposed the Motion, and the court held a hearing on March 18,

2015, in Grand Rapids, Michigan.  For the following reasons, the court will grant the Motion.


II. JURISDICTION

The United States District Court has jurisdiction over the Debtor's bankruptcy case

pursuant to 28 U.S.C. § 1334(a), and has referred the case and all proceedings to the United

---

[1] On October 30, 2014, in Case No. 14-02101, the court dismissed the Debtor's prior case on the motion of chapter 13 trustee Barbara P. Foley (the "Trustee").  As the Debtor noted in her petition, she has filed three other chapter 13 cases in the last eight years, each of them ending in dismissal, before confirmation.  *See* Case Nos. 08-05739 & 13-06486.

States Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and LCivR 83.2(a) (W.D. Mich.). The contested matter, involving a request to modify the automatic stay that would otherwise expire (as to the Debtor) thirty days after the petition date, is a core proceeding in which the court may enter a final order, subject to appellate review. 28 U.S.C. § 157(b)(2)(G).

III. ANALYSIS

Because the Debtor has had two cases pending within the same year, one of which was dismissed other than under § 707(b), the automatic stay in the current case will terminate "with respect to the debtor on the 30th day after the filing of the later case," unless the court extends the stay. 11 U.S.C. § 362(c)(3)(A) (stay terminates "with respect to the debtor") & (B) (court may extend the stay). In order to extend the stay, the court must find that the Debtor filed the current case in good faith.

Before reaching that ultimate question, the court finds that none of the circumstances identified in § 362(c)(3)(B) applies. For example, the Debtor had only one case pending in the year preceding the current case, and the court did not dismiss that case for failure to comply with the confirmed plan —there was no confirmed plan— or for failure to file documents or provide court-ordered adequate protection. 11 U.S.C. § 362(c)(3)(B)(i)(I) & (II). Moreover, according to the Debtor's uncontested proffer described more fully below, her financial circumstances have changed since the dismissal of her prior case in October 2014, making § 362(c)(3)(C)(III) inapplicable. Finally, the court's review of the prior docket reveals that there was no request for relief from the automatic stay pending at the time of dismissal. The Debtor, therefore, is not laboring under a presumption of bad faith, and need not establish her good faith in filing the pending case by "clear and convincing" evidence; the ordinary "preponderance-of-the-evidence"

standard that generally applies in bankruptcy (and most other civil proceedings) applies to the Motion. *Grogan v. Garner*, 498 U.S. 279, 286 (1991).

At the hearing on March 18, 2015, the Debtor appeared with her attorney who made a proffer in support of the Motion which included the following material facts. In her previous case she had twelve properties that were either vacant or occupied by tenants who were not paying rent; she now has five properties that are either being leased by paying tenants or are ready to be leased. In addition, her husband has returned to work as a painter and is able to finish whatever work is necessary on the properties. Further, she has only $11,000.00 of general unsecured debt and is able to propose a plan that will pay her creditors one-hundred cents on the dollar. Last, she has an outstanding student loan, with a very affordable income-contingent payment of $5.00 per month, that she intends to pay directly, or "outside the plan."

Calhoun County and the City of Battle Creek, though represented by counsel, declined the court's invitation to cross-examine the Debtor or, for that matter, offer any evidence of their own.[2] Instead, they urged the court to infer, from the number and timing of the Debtor's various chapter 13 petitions, that the Debtor has abused the protection of the automatic stay in each of her cases to defeat the rights and remedies of the taxing authorities to enforce their liens arising from her non-payment of property taxes. The timing of the Debtor's cases, indeed, suggests a desire to preclude foreclosure of her interests in property, but the same can be said for many petitioners who come before the court. Against this argument, however, the court must consider the *evidence* presented. In addition, the court notes that the Debtor has largely complied with the payment condition the Trustee attached to this case —and which the court approved by entering

---

[2] The court's website includes a link to the court's procedures governing live testimony which should have alerted the parties to the fact that the court would take testimony at the March 18, 2015 hearing. *See* Judge Dales's Procedures Governing Live Testimony During Motion Day Hearings (Fed. R. Bankr. P. 9014(e)) (available at http://www.miwb.uscourts.gov/content/chief-judge-scott-w-dales).

the Order dated March 10, 2015— specifically by remitting money orders totaling $1,270.00 as agreed and required under § 1326.

Although the court does not lightly dismiss the County's and City's arguments, and certainly understands their frustration, the only evidence offered in connection with the Motion came from the Debtor, and it preponderates in favor of finding good faith for purposes of this Motion. More specifically, the Debtor has reduced the number of rental properties she intends to manage and preserve through the current case from the twelve properties at issue in the prior case to five properties in the present case, including her residence. The court infers that the reduction will tend to increase the chances of her success in the present case. Moreover, the uncontested proffer established that the Debtor's non-filing spouse will be back to work as a painter, contributing income and sweat-equity to the Debtor's real estate rental business. This also suggests a greater likelihood of success this time around, compared to last. Finally, the Debtor has remitted $1,270.00 to the Trustee within a month of filing, from which the court draws similar inferences.

As the court noted during the hearing, its construction of § 362(c)(3), shared by a majority of courts, undercuts the benefits that the County and City evidently hoped to get by opposing the Motion. In other words, even if the preponderance of the evidence favored a finding of bad faith, the automatic stay would still enjoin foreclosure of the tax liens against property of the estate, including at least some of the properties at issue in the Debtor's case. *See In re Skogland*, Slip Op. DM 14–90050, 2014 WL 1089865 (Bankr. W.D. Mich. March 19, 2014) (*citing In re Robinson*, 427 B.R. 412 (Bankr. W.D. Mich. 2010)); see also *In re Riedy*, 517 B.R. 88 (Bankr. W.D. Mich. 2014) (granting motion to continue the stay under § 362(c)(3), but citing *Robinson* for the proposition that it would be "unlikely that the Bank would have been able

to continue its foreclosure of the Mortgaged Realty" even if the court had denied the motion). Unlike the more draconian provisions of § 362(c)(4) —which prevent the automatic stay from taking effect at all if two or more cases were dismissed within a year of the current filing— § 362(c)(3) simply states that the stay will terminate on the 30th day after the petition date "as to the debtor," omitting any reference to termination as to "property of the estate."

Certainly, the arguments that the taxing authorities levied against the Motion or other arguments in the nature of adequate protection or otherwise, if made in connection with a properly-supported motion under § 362(d), might support a finding of cause to modify the automatic stay as to some or all of the property of the estate that the stay presently protects. The court's decision today, made in the summary fashion applicable to motions under § 362, will have no preclusive effect in any other contested matter. *Cf. In re Lebbos*, 455 B.R. 607, 612 (Bankr. E.D. Mich. 2011) (although an order for relief from stay is a final order, its scope and effect is limited to the merits and grounds raised in the motion for relief from stay and has no preclusive effect).

## IV. CONCLUSION AND ORDER

Because the evidence on the current record preponderates in favor of finding that the Debtor filed the current case in good faith, the court will grant the Motion, without prejudice to any later motion by the taxing authorities, or others, for relief from the automatic stay under § 362(d).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 5) is GRANTED and the automatic stay will continue as provided in § 363(c) notwithstanding the pendency and dismissal of Case No. 14-02101.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon LaVonza R. Wilson-Fields, Kerry D. Hettinger, Esq., Thomas King, Esq., Sean Fitzgerald, Esq., C. Marcel Stoetzel, III, Esq., Barbara P. Foley, Esq., chapter 13 trustee, and all parties listed on the court's mailing matrix herein.

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 21, 2015**



Scott W. Dales
United States Bankruptcy Judge